# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0860** (Berkeley County 13-F-79)

**Shawn Ganey, Defendant Below,
Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shawn Ganey, by counsel Kevin D. Mills and Shawn R. McDermott, appeals the Circuit Court of Berkeley County's July 30, 2014, order sentencing him to a term of incarceration of one to five years for his conviction of conspiracy to commit malicious assault. The State, by counsel Christopher C. Quasebarth, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court violated West Virginia Code § 61-11A-2(b) and his due process rights in the manner in which it allowed the victim to make an impact statement below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2013, petitioner was indicted on one count of malicious assault and one count of conspiracy to commit malicious assault. These charges stemmed from an incident in which petitioner and at least two others violently attacked Harold Messick Jr. According to petitioner, he accompanied Joel Nies, and Mr. Nies' girlfriend, Stella Huckabay, to Mr. Messick's home on the night in question. Petitioner also alleges that a third individual accompanied them to Mr. Messick's home, though he is unsure of that individual's identity. Mr. Messick ("the victim") is Ms. Nies' mother's boyfriend. According to petitioner, once they reached the home, Mr. Nies and Ms. Huckabay produced knives to use in the attack, wherein the victim was stabbed and severely beaten. Petitioner claims that, following the attack, Mr. Nies gave the knives to petitioner and fled the state, while petitioner and Ms. Huckabay remained at the scene. Once police arrived, petitioner accompanied officers to the police station and gave a full statement. Petitioner provided information to police and the United States Marshals Service about Mr. Nies, who was later apprehended in Iowa and extradited to West Virginia. Though a preliminary hearing was never held in petitioner's criminal proceeding, the victim did testify at a preliminary hearing in a co-defendant's criminal proceeding. During his testimony, Mr. Messick stated that petitioner participated in his attack and that he punched petitioner in the eye.

1

In June of 2014, the circuit court held a plea and sentencing hearing, during which petitioner pled guilty to one count of conspiracy to commit malicious assault. In exchange, the State dismissed the remaining count of malicious assault and agreed to stand silent as to sentencing. During the plea hearing, petitioner admitted he participated in the attack insomuch as he served as a lookout while the others attacked the victim, but he denied physically participating in the attack. Petitioner further denied the victim's account of giving him a black eye and submitted evidence contained in the State's discovery of the forensic analysis of his cell phone that showed he texted pictures of his black eye on the day prior to the attack in question. According to petitioner, he received the black eye in an unrelated incident at his home prior to the crime at issue. Also at the hearing, Mr. Messick gave a victim impact statement. Ultimately, the circuit court sentenced petitioner to a term of incarceration of one to five years for his conviction of conspiracy to commit malicious assault. It is from the sentencing order that petitioner appeals.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). In the instant matter, it is clear that petitioner was sentenced within the applicable statutory guidelines. Pursuant to West Virginia Code § 61-10-31, a person guilty of conspiracy is subject to a term of incarceration of one to five years. It is uncontroverted that petitioner was sentenced within the terms of this statute. As such, petitioner's sentence is not reviewable on appeal, unless the sentence was based on an impermissible factor.

Petitioner alleges that the circuit court relied on impermissible factors in reaching his sentence. Specifically, petitioner alleges that through the impact statement, the victim was impermissibly allowed to present allegations related to charges that were dismissed, factually inaccurate allegations, and irrelevant disparaging comments toward petitioner's counsel. Petitioner further alleges that the victim's mannerisms and demeanor were overly emotional and inappropriate. However, upon our review, we do not find that the circuit court erred in the manner in which it allowed the victim to give his impact statement or that the circuit court relied on any impermissible factors in reaching sentencing.

According to West Virginia Code § 61-11A-2(b), a circuit court is required to allow a victim impact statement prior to sentencing in a case such as this, where the defendant has entered a guilty plea to a felony. Moreover, this statute requires that the statement "must relate solely to the facts of the case and the extent of injuries, financial losses and loss of earnings directly resulting from the crime for which the defendant is being sentenced." While petitioner alleges that the victim inappropriately addressed the actual malicious assault, a charge that was dismissed, we find no error in the regard. Clearly the actual attack Mr. Messick suffered is related to the crime for which petitioner was sentenced, regardless of the State's dismissal of the charge of malicious assault. Moreover, it is unclear if the facts the victim discussed were inaccurate, as petitioner alleges. According to petitioner, he did not participate in the attack, while Mr. Messick stated that petitioner did attack him and that he punched petitioner in the eye during the attack. While it may be true that petitioner suffered a black eye a day prior to the

attack, this does not make Mr. Messick's allegation that he punched petitioner untrue. Further, the victim's version of the events was substantially similar to the State's version of the events contained in petitioner's pre-sentence investigation report, to which petitioner did not object. As such, the Court finds that there is no evidence the circuit court relied on any impermissible factors in imposing sentence.

For the foregoing reasons, the circuit court's July 30, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II